UNITED STATES ex rel. RUIZ v. REDFERN, Commissioner of Immigration, et al.

(Circuit Court, E. D. Louisiana.  April 22, 1911.)

No. 13,886.

1. ALIENS (§ 53*)—DEPORTATION—COUNTRY.

Under the immigration laws, providing for the deportation of aliens, not entitled to enter the United States, to the country whence they came

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

when they illegally entered the United States, regardless of their nativity, except aliens ·intending to enter the United States for the convenience of their voyage, the Secretary of Commerce and Labor has no discretion as to the place to which an alien must be deported; and hence a warrant attempting to deport the alien to a country other than that whence he came was illegal and void.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 53.*]

2. HABEAS CORPUS (§ 29*)—DEPORTATION OF ALIEN—IMPROPER DESTINATION—DISCHARGE.

Where an alien, not entitled to enter the United States, was held under an illegal warrant directing his deportation to a country other than that whence he came, he was entitled to release on habeas corpus, under the rule that a prisoner is entitled to his liberty where the sentence is illegal.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 24; Dec. Dig. § 29.*]

Habeas corpus by the United States, on the relation of Alfred Ruiz, against S. E. Redfern, as Commissioner of Immigration, and others, to obtain relator's release from the custody of the defendant under deportation warrant. Writ made absolute.

Jos. A. Morales and Henry J. Rhodes, for relator.
W. J. Waguespack, Asst. U. S. Atty., for defendant.

FOSTER, District Judge. In this case Alfred Ruiz, an alien, prays for a writ of habeas corpus to deliver him from the custody of the Commissioner of Immigration at New Orleans and the keeper of the parish prison, where he is incarcerated. It appears that the relator, a native of Spain, but now a citizen of the republic of Panama, came to the United States from Panama on the steamship Meltonian, and landed at Mobile on the 23d of December, 1909, bringing with him a prostitute, whose fare he paid, and who posed as his wife. He is now held by the Commissioner of Immigration under a warrant ordering his deportation to Spain.

[1] The immigration laws clearly contemplate the deportation of aliens to the country whence they came when they illegally entered the United States, regardless of their nativity. The only exception is when an alien, intending to enter the United States, for the convenience of his voyage lands first in foreign territory contiguous to the United States. I do not find that the Secretary of Commerce and Labor has any discretion whatever in the matter, and any warrant that attempts to exercise such discretion is necessarily illegal and void.

[2] Strictly speaking, the deportation of an alien is a civil proceeding; but it is criminal in its nature, or at least by analogy, and the general rule in habeas corpus is that, where a sentence is illegal, the relator is entitled to his liberty. The exception is that, when the lawful portion of the sentence can be separated from the illegal part, the relator will only be granted relief as to the unlawful detainment. But how can a separation be effected in this case. If the relator remains in custody, he will be illegally deported, and it will then be too late to afford him the relief to which he is entitled.

The writ will be made absolute.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes