UNITED STATES ex rel. MOORE v. SISSON, U. S. Chinese Inspector.

(Circuit Court of Appeals, Second Circuit. June 12, 1913.)

Nos. 270–274.

1. ALIENS (§ 32*)—DEPORTATIONS—CHINESE—IMMIGRATION ACT—COUNTRY OF RETURN.

Where the government instituted deportation proceedings against certain Chinese persons under Immigration Act Feb. 20, 1907, c. 1134, § 20, 34 Stat. 904 (U. S. Comp. St. Supp. 1911, p. 511), providing that an alien must be deported to the country from whence he came, and it appeared that the aliens came to the United States from Canada, and there was no proof that they were born in China, or had ever been there, the fact that they were Chinese was not evidence that China was the land of their nativity and citizenship, and hence the court was bound to require their return to Canada, instead of China.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

2. ALIENS (§ 32*)—DEPORTATION PROCEEDINGS—JUDGMENT—DEPORTATION TO WRONG COUNTRY.

Where certain Chinese were proceeded against under Immigration Act Feb. 20, 1907, c. 1134, § 20, 34 Stat. 904 (U. S. Comp. St. Supp. 1911, p. 511), requiring deportation to the country from whence the immigrant came, and were erroneously ordered deported to China, instead of Canada, from whence they came to the United States, such error was not ground for dismissal of the proceeding, but the order must be amended to require their return to Canada.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

.Appeals from the District Court of the United States for the Southern District of New York.

Habeas corpus by the United States, on the relation of Robert M. Moore, on behalf of Moy Fee Ni and others, and on behalf of Moy Ging, and on the relation of Lee Wah and another, and on the relation of Leung Pak Lin and others, and on the relation of Ang Hung Jaing, against Harry R. Sisson, United States Chinese Inspector, to obtain release of certain Chinese from deportation warrants in proceedings under the Immigration Act of 1907. Judgment requiring amendment of orders of deportation, and orders as amended affirmed.

On appeal from orders of the United States District Court for the Southern District of New York dismissing writs of habeas corpus sued

out by a number of Chinese persons who had been ordered deported to China under the provisions of the Immigration Act of February 20, 1907.

Robert M. Moore, of New York City, for appellants. ·

H. Snowden Marshall, U. S. Atty., and John Neville Boyle, Asst. U. S. Atty., both of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. We think that three propositions are clearly deducible from the testimony as it appears upon the present record.

First. The relators are Chinese persons not permitted by law to remain in this country.

Second. "The country from whence they came" is Canada.

Third. There is no evidence that they came from China; the contention that they did do so is based solely upon conjecture and presumption.

[1] The officers of the government saw fit to bring the proceedings against these relators under the Immigration Act instead of the Chinese Exclusion Acts and must follow strictly the provisions of the former act; they cannot invoke the provisions of both.

Section 20 of the Immigration Act is explicit that the alien must be deported "to the country from whence he came." That country is Canada. There is nothing deserving the name of evidence to show that these aliens came from China or any other foreign country. The briefs presented by the government refer to these persons as having been born in China and speak of that country as the land of their "nativity and citizenship." We are unable to find anything in the record to support this statement. Most of them testify that they were born in this country, either in New York or San Francisco. Assuming that this testimony is entitled to little weight, it does not aid the government's contention. A finding that a Chinese person was not born in San Francisco does not prove that he was born in China. We can take judicial knowledge of the fact that there are Chinese persons in Canada and Mexico and, indeed, in almost all the countries of the world and that Chinese children are constantly being born in these countries. The mere fact that an alien is found to be a Chinese person does not prove that he came from China, or that he is a citizen of China or that he was ever within the bounds of the Chinese empire or republic. There are many Frenchmen here who were not born in France, many Englishmen who were not born in England, and many Germans who were not born in Germany. The deduction that a stranger of evident French nativity who is found in New York is a citizen of France and came here direct from that country would probably be thought absurd, but it is not easy to differentiate it from the assumption which we are asked to make in this case. In other words, evidence that a person in the United States is born of Chinese parents falls far short of proving that he is a citizen of China or came here from China.

[2] We think that we are not justified in discharging these relators, as they have no right to be here under our laws. The warrant of deportation should be amended by providing that the aliens shall be returned to Canada instead of China. Authority for such an amendment is found in Wong Wing v. United States, 163 U. S. 228, 238, 16 Sup. Ct. 977, 41 L. Ed. 140.

It is said that the Canadian authorities will not accept these aliens, but with this suggestion we have nothing to do. So long as the proceedings are under the Immigration Act, its provisions must be strictly followed. The country whence these aliens came is unquestionably Canada and there is no provision of that act which permits their deportation to China.

The orders of deportation should be amended as indicated.