CHIN TEUNG v. SKEFFINGTON, Immigration Com'r.

(District Court, D. Massachusetts. January 3, 1916.)

No. 1095.

1. ALIENS &⟶32—DEPORTATION PROCEEDINGS—REVIEW OF DECISIONS OF IMMIGRATION AUTHORITIES.

The destination to which a Chinese person arriving at Victoria, British Columbia, on June 18, 1913, and entering the United States surreptitiously in company with another Chinaman and under the guidance of two white men in March, 1914, should be deported, was for the immigration authorities to decide, and where their decision that he always intended to come to the United States by way of Canada, and should be deported to China, was not entirely unsupported by evidence, and was reached after a fair hearing, it was conclusive.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. &⟶32.]

2. ALIENS &⟶32—DEPORTATION PROCEEDINGS—REVIEW OF DECISIONS OF IMMIGRATION AUTHORITIES.

In a habeas corpus proceeding by a Chinese person entering the country from Canada and ordered deported to China, evidence as to his residence in Canada, not offered to the immigration authorities, was not available to support his contention that he should be deported to Canada.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. &⟶32.]

Habeas corpus by Chin Teung against Henry J. Skeffington, Commissioner of Immigration. Writ discharged and petitioner remanded.

Herbert F. Callahan, of Boston, Mass., for petitioner.

Leo A. Rogers, Asst. U. S. Atty., of Boston, Mass., for respondent.

MORTON, District Judge. Habeas corpus to the immigration commissioner at Boston. The writ issued; and there was a hearing in open court upon the question of the petitioner's right to be discharged.

The petitioner is a Chinaman. Deportation proceedings were instituted against him under the General Immigration Act (Act Feb. 20,

1907, c. 1134, 34 Stat. 898), on the ground that he was an alien unlawfully in the United States. After a hearing before the immigration authorities he was ordered deported to China. He does not now contend that he was not accorded a fair hearing, nor that the entire order of deportation is illegal. He attacks only that part of it which specifies China as the place to which he shall be deported; he contends that it should be Canada.

It is clear that the petitioner arrived at Victoria, British Columbia, from Hong Kong on June 18, 1913, under the name of Chin Den Soy. He paid a head tax of $500 and was duly admitted to Canada. On or about March 23, 1914, in company with another Chinaman, Wong Jin Bing, and under the guidance of two white men, he entered the United States surreptitiously in the vicinity of Buffalo, N. Y. The next morning he took train for Boston, and was arrested on deportation proceedings soon after his arrival here.

He testified at the hearing on the habeas corpus that during the nine months following his landing in Canada he had worked in various places in the Dominion, and that he intended when he landed to make Canada his place of residence, and left that country for the United States because he was unable to obtain work there. His testimony in the deportation proceedings was very different. Considered as a whole, it is, and was, so inconsistent and so manifestly false that any tribunal would be well warranted in refusing to find any disputed fact on it alone. The landing certificate issued by the Canadian authorities at Victoria shows that he at that time gave his destination as Winnepeg, Manitoba. This was the only evidence to corroborate his statement as to his alleged intention to remain in Canada.

The immigration tribunals disregarded it, and upon the whole case believed that the petitioner had always intended to come to the United States, and had elected to do so by way of Canada. I cannot say that their conclusion was so entirely without foundation as to make it unreasonable and arbitrary, like that in Moore v. Sisson, 206 Fed. 450, 124 C. C. A. 356 (C. C. A., Second Circuit), on which the petitioner relies. In United States v. Ruiz, 203 Fed. 441, 121 C. C. A. 551, the alien was a citizen of the republic of Panama, from which he came to the United States, and it was therefore held on habeas corpus proceedings that an order of deportation to Spain was illegal. On facts closely resembling those in this case, it has been held that an order of deportation to China would not be disturbed on habeas corpus proceedings. Ex parte Jung Sew (D. C.) 221 Fed. 500.

[1, 2] The destination to which deportation should be ordered was for the immigration authorities to decide. Lewis v. Frick, 233 U. S. 291, 34 Sup. Ct. 488, 58 L. Ed. 967. As they have done so after a fair hearing, and their decision is not entirely unsupported by evidence, it is conclusive. The petitioner's counsel suggested at the argument that corroborative evidence as to the residence in Canada could be obtained, although at considerable expense, and would be submitted, if deemed admissible. It was not offered to the immigration tribunals. I do not, therefore, see how it would assist the petitioner here.

Writ discharged.

Petitioner remanded.