## JUNG SEW v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 14, 1916.)

No. 143.

1. ALIENS ⚙️31—DEPORTATION OF CHINESE—ENTERING COUNTRY.

A Chinese person, apprehended while in a rowboat on the American side of the Niagara river, admittedly attempting to land contrary to law, has already entered the country, and may be deported.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. ⚙️31.]

2. ALIENS ⚙️32(10)—DEPORTATION OF CHINESE—COUNTRY OF RETURN.

One who was born in China, and came directly from there to Canada, whence he attempted to cross into the United States, can be deported to China.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 92; Dec. Dig. ⚙️ 32(10).]

Appeal from the District Court of the United States for the Western District of New York.

Habeas corpus by Jung Sew against the United States to secure his discharge from custody under an order for deportation. From an order of the District Court (221 Fed. 500), petitioner appeals. Affirmed.

D. M. Silver, of Buffalo, N. Y., for appellant.

S. T. Lockwood, U. S. Atty., and Donald Bain, Asst. U. S. Atty., both of Buffalo, N. Y.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. It appears without question that the appellant was born in China. He was apprehended while in a row boat on the American side of the Niagara river under circumstances which indicate that he was attempting to land in the United States. There can be no doubt as to his purpose. He frankly admits this. In answer to a question put to him by Inspector Wallace he says:

"I must admit that I was being smuggled into the United States. I was caught in the boat, as you know, so it is no good denying it."

[1] The proposition that he had not actually entered the United States when apprehended cannot be considered as a defense. Those in the boat were, in fact, in the United States as they had crossed the boundary line in the Niagara river between the two countries. There is no doubt as to their intention to land. The appellant was in the United States when apprehended. We are convinced that he was properly ordered deported to China, that being the country from whence he came.

[2] We are not troubled here with the question whether he should be returned to China or Canada. The question decided in United States v. Sisson, 206 Fed. 450, 124 C. C. A. 356, and in several later cases does not arise here, as the petitioner admits that he was born in China, and came directly from Hong Kong to Victoria, B. C.

The order of the District Court dismissing the writ of habeas corpus is affirmed.