YEE SUEY v. BERKSHIRE, Supervising Inspector.

(Circuit Court of Appeals, Fifth Circuit. March 30, 1916.)

No. 2752.

ALIENS ⬤═32(9, 10)—DEPORTATION OF CHINESE—PLACE OF DEPORTATION.

An order for deportation of an alien to China is not warranted, where the record does not show that he came from China, but that he entered the United States from an adjacent country; but in such case the order may be amended.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 92, 94; Dec. Dig. ⬤═32(9, 10).]

Appeal from the District Court of the United States for the Western District of Texas; William B. Sheppard, Judge.

Suit by Yee Suey against F. W. Berkshire, Supervising Inspector. From the decree for deportation, Yee Suey appeals. Modified and affirmed.

U. S. Goen, of El Paso, Tex., for appellant.

R. E. Crawford, Asst. U. S. Atty., of El Paso, Tex., for appellee.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. This cause was submitted on briefs, and in the light of the transcript and briefs we find that, excepting the fifth assignment of error, no one of them is well taken. As to the fifth, we notice counsel for the appellee confess partial error as follows:

"Appellant's fifth assignment of error raises the question as to whether or not the Secretary of Labor under the law was warranted in ordering the appellant deported to China, there being no evidence in the record that appellant ever was in China, the evidence showing that appellant came to the United States from Mexico. The contention of appellant's counsel is directly sustained by the decision of the Second Circuit in the case of United States ex rel. Moore v. Sisson, U. S. Chinese Inspector, 206 Fed. 450, 124 C. C. A. 356. In our view of the law, appellant's contention is correct. However, in the case cited, the court declined to discharge the Chinamen because they had been ordered deported to China when they should have been ordered deported to Canada, but held that the warrant of deportation should be amended, by providing that the aliens should be deported to Canada. We think that the judgment in this case should conform to the judgment in that, and your judgment should be that the order of the Secretary of Labor, deporting appellant to China, should be amended so that he would be deported to Mexico. R. E. Crawford,

"Assistant United States Attorney,

"Attorney for Appellee."

Giving effect to this, the warrant of deportation of the Acting Secretary of Labor should be amended, by striking out the word "China," and inserting in its stead the word "Mexico," and with such amendment the decree appealed from is affirmed.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes