### MARK SEONG et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 8, 1917.)

No. 257.

1. COURTS ☞96(1)—RULES OF DECISION—PRECEDENTS.

The decision of the Circuit Court of Appeals as to the country to which a Chinese person unlawfully within the United States should be deported is the law of the circuit until overruled by the Supreme Court, or until the law is amended by Congress.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 327, 334.]

2. ALIENS ☞32(10)—DEPORTATION—COUNTRY TO WHICH ALIENS SHOULD BE DEPORTED.

There is no conclusive presumption that one of the Mongolian race was born in China, and where all that is known regarding him is that he was seen last in Canada, he must be deported to Canada or discharged.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 92.]

Appeal from the District Court of the United States for the Western District of New York.

Habeas corpus by Mark Seong and others. From an order (227 Fed. 131) dismissing the writ, the petitioners appeal. Modified and affirmed.

D. M. Silver, of Buffalo, N. Y., for appellants.

S. T. Lockwood, U. S. Atty., of Buffalo, N. Y.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. [1, 2] These petitioners were found in the town of Tonawanda, N. Y., with a third Chinese person, Haum Pon, under a bridge over the Erie Canal near the northerly end of Rattle Snake Island. This island is a part of New York and is about five miles from Canada. Inspector Ohlin testified that he saw the defendants get off the train at Hamilton, Ontario. Haum Pon, who was with these appellants was tried and his case was appealed to this court. U. S. v. Sisson, 230 Fed. 974, 145 C. C. A. 168. We found him to be unlawfully in the United States and ordered him returned to Can-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

ada which is the country from whence he came. No possible reason is suggested why any distinction should be made between Haum Pon and his associates and yet he was ordered to be returned to Canada and his companions, whose legal status is identical with that of Haum Pon, are ordered returned to China. This disposition is directly contrary to our decision in the Haum Pon Case. The situations are precisely similar and the judgment should be the same in both cases. Our decision in the Haum Pon Case is the law of this circuit and must so remain until overruled by the Supreme Court or until the law is amended by Congress. There is no necessity for further elaboration of our opinion upon this question If we have not made our position plain to the officials engaged in executing the law, it is idle to attempt to do so now. There is no conclusive presumption that one of the Mongolian race was born in China and where all that is known regarding him is that he was seen last in Canada, the only alternative is that he be returned to Canada or discharged. Yee Suey v. Berkshire, 232 Fed. 143, 146 C. C. A. 335.

The order of deportation should be amended by providing that the appellants be deported to Canada and as so amended it is affirmed.