CHRISTY, Commissioner of Immigration, et al. v. LEONG DON.

(Circuit Court of Appeals, Fifth Circuit. March 24, 1925. Rehearing Denied April 15, 1925.)

No. 4448.

1. Aliens ⬨⟹32(13)—Court cannot review determination of executive officers, excluding alien, unless hearing was unfair.

Under Act Aug. 18, 1894, § 1 (Comp. St. § 4325), amended by Act Feb. 14, 1903, § 7 (Comp. St. § 858), and Act Feb. 5, 1917, § 17 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ii), alien seeking admission into United States is entitled to fair hearing before executive officers of government, and if hearing be fair, though summary, it is conclusive, and courts cannot review case on merits.

2. Aliens ⬨⟹32(13)—Absence of evidence sustaining deportation order justifies conclusion that hearing was unfair.

Absence of any evidence sustaining deportation order would justify conclusion that hearing was unfair, because arbitrary.

3. Aliens ⬨⟹32(5)—Burden on Chinese person to show he is son of American citizen and entitled to admission.

Burden is on Chinese person to show that he is son of American citizen, and therefore entitled to admission to United States, under Rev. St. § 1993 (Comp. St. § 3947).

4. Aliens ⬨⟹32(8)—Evidence held to sustain finding that Chinese person was not son of American citizen.

Evidence held to sustain finding by board of special inquiry that Chinese person was not son of American citizen, entitled to admission to United States, under Rev. St. § 1993 (Comp. St. § 3947).

5. Aliens ⬨⟹32(13)—That immigration officials inquired into Chinese person's relationship held not to make hearing unfair.

It is not indicative of unfairness of hearing that immigration officers inquired into family relationship of Chinese person, who used such relationship as basis of his claim of citizenship, under Rev. St. § 1993 (Comp. St. § 3947).

Hutcheson, District Judge, dissenting.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Application for habeas corpus by Leong Don against William T. Christy, Commissioner of Immigration, and others. From an order discharging petitioner from custody, the Commissioner appeals. Reversed and remanded.

Louis H. Burns, U. S. Atty., and Wayne G. Borah, Asst. U. S. Atty., both of New Orleans, La., for appellants.

W. J. Waguespack and Herbert W. Waguespack, both of New Orleans, La., for appellee.

Before WALKER and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge. Leong Don, a Chinese person, applied at the port of New Orleans for entry to the United States. His application was denied by the Commissioner of Immigration, whose action was affirmed on appeal by the Secretary of Labor. Leong Don then filed a petition in the District Court for a writ of habeas corpus to secure his release from the custody of the Commissioner of Immigration, by whom he was held for deportation, alleging that he is the son of Leong Goon, a citizen of the United States, and in the most general terms that he was not given a fair hearing upon his application for admission. The answer of the Commissioner admits that Leong Goon was born in California and is a citizen of the United States, but denies that Leong Don is his son, and also denies that the hearing complained of was unfair.

It appears from the proceedings before a board of special inquiry that Leong Don was examined on two occasions. On the first he testified that he was born in China, was 26 years old, and that he had no recollection of his paternal grandfather, grandmother, or of that grandfather's brother. The hearing was continued for the purpose of examining the alleged father, Leong Goon, who testified, in Detroit, among other things, that his father had been dead 12 years, and his mother about 8 years, and that his father's brother was living as late as 1912 in the same village in which his father, mother, and Leong Don lived. This witness testified also that Leong Don was his son and was 26 years old. Leong Don's alleged brother was also examined in Detroit, and contradicted him in several matters relating to family history. Shortly after this testimony was taken, Leong Don was again examined, and then testified that he remembered his grandfather and grandmother, but did not remember his great-uncle. The only explanation he

offered of his previous testimony was that it was a mistake. He admitted that he had communicated with Leong Goon after his first hearing. Leong Don and Leong Goon both testified before the District Judge in the habeas corpus proceeding, but nothing was added to the testimony already given, and no explanation was given of the inconsistencies in their previous testimony. The District Judge expressed the opinion that Leong Don was Leong Goon's son, and was therefore entitled to admission to this country as a, citizen. Accordingly an order was entered discharging Leong Don from custody. The Commissioner of Immigration appeals.

[1] The Act of August 18, 1894 (28 Stat. 390 [Comp. St. § 4325]); provides that the decision of appropriate immigration officials adverse to the admission of an alien into the United States shall be final, unless reversed on appeal to the Secretary of the Treasury. This provision was amended in 1903, transferring jurisdiction to the Secretary of Commerce and Labor. 32 Stat. 828 (Comp. St. § 858). Section 17 of the Act of February 5, 1917 (39 Stat. 887 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ii]), provides for the appointment of boards of special inquiry, and for an appeal through the Commissioner of Immigration at the port of arrival to the Secretary of Labor, and that the decision of a board of special inquiry adverse to the admission of an alien shall be final unless reversed on appeal. It thus appears that it has been the policy of the Congress since 1894 to make final a decision of the appropriate department. Under the law as amended from time to time, it is settled by the decisions that one applying for admission to the United States is in legal contemplation without its borders, but is entitled to a fair hearing before the executive officers of the government. If the hearing be fair, though summary, it is conclusive, and is not to be set aside by the courts, even though it be considered that the decision arrived at by the appropriate department was wrong. It is only where the court finds that the hearing conducted by the department was unfair that it is authorized to hear the case on its merits. United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040; Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369; Tang Tun v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 56 L. Ed. 606; Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938; United States v. Ruiz, 203 F. 441, 121 C. C. A. 551.

[2-5] The petition for writ of habeas cor-pus signally fails to allege wherein the hearings held by the board of special inquiry were unfair. Notwithstanding this, we have examined the entire record, and are unable to find that there was any unfairness in the hearings conducted by the immigration officials. Of course, if there were no evidence to sustain the order of deportation, the conclusion that the hearing was unfair because arbitrary would be justifiable. The burden was upon appellee to show that he was the son of an American citizen, and therefore entitled to admission under section 1993 of the Revised Statutes (Comp. St. § 3947). If appellee were the son of Leong Goon, he was old enough to remember his grandfather, grandmother and his grandfather's brother. But he was unable to do this until after he had communicated with his alleged father. There was substantial evidence upon which the conclusion might well be reached that appellee's claim of relationship to a native-born Chinaman was unfounded in fact. It is not indicative of unfairness that the immigration officials inquired into the family relationship of one who used that as the basis of his claim of citizenship. The hearing having been fair, and there being substantial evidence to support the conclusion reached by the immigration officials, in our opinion, it was error for the District Court to substitute its judgment for that of the Department of Labor upon the weight of the evidence.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

HUTCHESON, District Judge (dissenting). The examination of the entire record in this case convinces me, not only that the District Judge was correct in finding that Leong Don was Leong Goon's son, and that there was no evidence of a substantial character to warrant the finding of the Commissioner, but that the entire proceedings were such as that they showed that the authority was not fairly exercised, consistently with the fundamental principles of justice, embraced within due process of law. Tang Tun v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 56 L. Ed. 606.

It is a fundamental principle of due process that no judicial or quasi judicial hearing is valid, where the maxim "audi alteram partem" is ignored, and it is therefore of the essence of a valid judgment that the body which pronounces it shall not in any manner prejudge or predetermine the issue. Sir Walter Scott, in Ivanhoe, causes one of his

characters to say: "The trial moves on apace, when the judge has determined his decision beforehand." The record in this case leaves no room for doubt that such a prejudgment had occurred.

At the outset of the proceedings an attempt was made to exclude the applicant on grounds inapplicable to him, and, this attempt failing, the proceedings thereafter were conducted in a spirit of inquisition to exclude, rather than an inquiry into the facts as to the right of exclusion, in which proceedings the examiner was in the attitude of an inquisitor, rather than of a judge, which attitude explains a judgment so contrary to the living facts arrived at by the Commissioner in this case. While the decision of the Secretary of Labor of such questions as we have here is final and conclusive on the courts, unless it be shown that the proceedings are manifestly unfair, or were such as to prevent a fair investigation, it is fundamental that the decision must be after a hearing in good faith however summary. Chin Yow v. U. S., 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369. It must find its support in adequate evidence. Zakonaite v. Wolf, 226 U. S. 272, 33 S. Ct. 31, 57 L. Ed. 218; Kwock Jan Fat v. White, 253 U. S. 458, 40 S. Ct. 566, 64 L. Ed. 1010; Tisi v. Tod, 264 U. S. 134, 44 S. Ct. 260, 68 L. Ed. 590; Bilokumsky v. Tod, 263 U. S. 153, 44 S. Ct. 54, 68 L. Ed. 221.

In Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010, in which the court reversed the finding because the proceeding had been conducted in a partisan way, by concealing some of the evidence in the possession of the Commissioner from the deportee, the court said:

"The acts of Congress give great power to the Secretary of Labor over Chinese immigrants and persons of Chinese descent. It is a power to be administered, not arbitrarily and secretly, but fairly and openly, under the restraints of the tradition and principles of free government, applicable where the fundamental rights of men are involved, regardless of their origin or race. It is the province of the courts, in proceedings for review, within the limits amply defined in the cases cited, to. prevent abuse of this extraordinary power, and this is possible only when a full record is preserved of the essentials on which the executive officers proceed to judgment. * * * It is better that *many Chinese immigrants should be improperly admitted, than that one natural born citizen of the United States should be per-*

*manently excluded from his country."* (Italics mine.)

An examination of the record in this case as to the identity of Don as the son of Goon, fortified as it is by affidavits taken in other proceedings more than 12 years before this controversy arose, by the positive oaths of the father and two sons taken on this hearing and rebutted by nothing except the inability of the applicant to answer satisfactorily a series of questions on matters entirely and remotely collateral to the main fact of his sonship, leaves no doubt in my mind that the hearing was not a hearing, but an inquisition, and that the finding was predetermined in advance of the hearing.

So believing, I am constrained to dissent from the conclusions of the majority.