## UNITED STATES ex rel. CHOW YEE TUNG v. HARRISON, Commissioner of Immigration, et al.

### No. 281.

Circuit Court of Appeals, Second Circuit.

May 19, 1944.

Albert A. Raphael, of New York City, for appellant.

Joseph C. Kenney, of New York City, for appellees.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

Assuming that the relator must eventually be deported, and assuming also that the delay following the issue of the writ is not to be charged against the deporting authorities, we do not understand that the respondents now profess to sustain the warrant of deportation to Liverpool. At any rate it is clearly indefensible, for upon no theory was Great Britain the country whence the relator came, or whence he embarked, within the meaning of § 156 of Title 8, U.S.C.A. In Lewis v. Frick, 233 U.S. 291, 304, 34 S.Ct. 488, 58 L.Ed. 967, the point was held open whether the terminus ad quem in a warrant of deportation was "open to inquiry upon habeas corpus." This court, however, took cognizance of such an error in the warrant in United States ex rel. Moore v. Sisson, 2 Cir., 206 F. 450, 452, held that the custody was on that account unlawful, and remanded the case so that the warrant might be amended. This has been generally followed since that time. United States ex rel. Ng Hen v. Sisson, D.C., 220 F. 538; Ex parte Guest, D.C., 287 F. 884, 892; Gorcevich v. Zurbrick, 6 Cir., 48 F.2d 1054; Engel v. Zurbrick, 6 Cir., 51 F.2d 632; Glikas v. Tomlinson, D.C., 49 F.Supp. 104, 106. Although, apparently the Supreme Court in Wenglinsky v. Zurbrick, 282 U.S. 798, 51 S.Ct. 35, 75 L.Ed. 719, did discharge the relator in such a case, we are disposed to follow the Sixth Circuit in Gorcevich v. Zurbrick, supra, and hold that that course is not compulsory. Indeed, it seems unfair to put the relator at bar to the trouble of suing out another writ, which he will have to do, if he is discharged. Rather, we may, and will, merely reverse the order, remand the case and allow the warrant of deportation to be amended. The cause can then be heard again by the district court upon the validity of the new warrant which, we are told, has been issued, after the order was entered from which this appeal was taken. This appears to us a more convenient method than to attempt to dispose of the

case in this court upon what may have occurred after the order was entered, for we cannot tell what new evidence either of the parties may wish to put in.

Order reversed, cause remanded.