20          THE PEOPLE *ex rel. v.* WHITSON.          [Sept. T.

Opinion of the Court.

# THE PEOPLE *ex rel.* Michael Manyx

## *v.*

## GEORGE T. WHITSON.

1. HABEAS CORPUS — *prisoner not discharged for mere error in order of commitment.* If the judgment upon which a prisoner is held in custody is merely erroneous and subject to be reversed on writ of error, he will not be discharged upon *habeas corpus.* But if the court had no power or jurisdiction to render such judgment, the prisoner should be discharged on *habeas corpus.*

2. AMENDMENTS — *of record at a subsequent term of court.* Courts have no power or jurisdiction to amend their record of a judgment in a criminal case, at a subsequent term of court.

3. Where a defendant in a criminal case has suffered punishment according to a legal sentence, a second judgment in the same case, even if rendered at the same term of court, is void.

4. CRIMINAL LAW — *verdict of guilty as to part is an acquittal as to balance of the counts in the indictment.* A verdict of guilty as to a part of the counts in the indictment is an acquittal as to the other counts, and in such case it is necessary that the verdict should specify upon which of the counts the defendant is guilty.

5. It would be error to sentence a prisoner upon counts other than those upon which he is found guilty.

THIS was an application to this court for a writ of *habeas corpus.*

Mr. EDGAR ANDERSON, and Mr. JOHN C. BAGBY, for the relator.

Mr. EDWARD P. VAIL, for the defendant.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The questions for decision in this case arise upon *habeas corpus,* awarded at a former day of this term upon the petition of Michael Manyx, alleging that he was unlawfully imprisoned by the sheriff of Schuyler county, by virtue of a supposed final

judgment or sentence of the county court of that county. In support of which allegation various matters were set forth, and certified copies of the record of said court, so far as material to the questions raised, were attached to the petition and made a part thereof. By the return of the sheriff, which merely sets forth a copy of the judgment as the cause of the caption and detention of relator, and a stipulation between his counsel and the State's attorney, the record of proceedings in the county court is before us, with the same effect as if it had been sent up in return to a writ of *certiorari* accompanying that of *habeas corpus*.

The case before us is this : At the March term, 1874, of the county court of Schuyler county, the State's attorney, upon affidavits filed, and by leave of the court, filed an information against Manyx for alleged violations of the act approved January 13, 1872, entitled "An act to provide against the evils resulting from the sale of intoxicating liquors," etc., the information containing more than one hundred counts. The case was tried upon a plea of not guilty, and a verdict returned of guilty, as charged in the complaint, upon forty counts. Whereupon, at that same term, as appears by the record, the court sentenced the prisoner to ten days' imprisonment upon each count. On this judgment relator was, on the 26th day of March, 1874, committed to the county jail of that county, and there confined until the 26th day of June, when he was discharged upon a writ of *habeas corpus*, issued upon the prisoner's petition, by Chief Justice WALKER, at chambers, on the ground that, by the terms of the sentence entered of record, the prisoner had undergone the punishment to which he was sentenced, all of the terms having commenced and ended simultaneously.

It is conceded by the State's attorney that there was no judgment entered for any fine or costs, and he does not question the propriety of the ruling of the chief justice in discharging the prisoner for the reason stated. And we may add, that, although neither the county court nor this court have any right

to review that decision, yet in our opinion, it was, upon well-settled legal principles, entirely correct.

That decision did not involve the question whether it was competent for the court to have entered consecutive judgments, of so many days' imprisonment on each count, when no particular counts of the one hundred and five contained in the information were specified as comprising the forty on which he was found guilty, or whether consecutive judgments can be entered without a statute authorizing it. It was sufficient that, so far as appeared by the record, there was no attempt to enter consecutive judgments. The judgment was entire. The several sentences of imprisonment, if they could be called several, were concurrent in point of time, and when one had run, they had all expired. 1 Bishop's Cr. Proc., § 1129; *Miller, Warden, etc.,* v. *Allen,* 11 Ind. 389; *James* v. *Ward,* 2 Metc. (Ky.) 271; *Buck* v. *The State,* 1 Ohio St. 61.

After the prisoner was so discharged upon *habeas corpus,* and at the August term, 1874, of the county court, at the March term whereof he had been convicted and sentenced, as above stated, said court, upon the petition of the State's attorney, and ten days' notice to the prisoner, entered an order amending the judgment of the March term, and directing the same to be entered *nunc pro tunc,* to the effect that defendant, Michael Manyx, be imprisoned in the county jail for the term of ten days, and fined in the sum of $20, on each of the forty offenses or counts, of which the jury in their verdict found him guilty. The term of imprisonment on each subsequent count after the first to begin on the termination of the term of imprisonment on the one next preceding, and that he be imprisoned until such fine and costs of prosecution herein are paid And therefore it is considered and ordered by the court that the People of the State of Illinois recover of the said defendant, Michael Manyx, the sum of $20 fine for each of the several forty counts of the information of which the jury found him guilty, being in the aggregate the sum of $800, and also their costs herein, and may have execution therefor.

Upon a certified copy of this last-mentioned order of judgment, Manyx was re-arrested by the sheriff, and committed to the county jail of Schuyler county, and which the sheriff, in his return to the writ of *habeas corpus* issued by this court, has set up as the cause of the prisoner's caption and detention.

If the entry at the August term of the order amending the judgment of the March term was a mere error, which would subject it to reversal upon writ of error, then we have no authority to discharge upon *habeas corpus*. But if, on the other hand, the county court had no power or jurisdiction to make it, then it is absolutely void, and we not only have authority, but it is our duty, to discharge the prisoner from that unjust, because unlawful, imprisonment.

Amendments in criminal cases are entirely excepted out of the operation of the statute of amendments and jeofails, and the question of the power of the court to alter or amend its judgments at a subsequent term is therefore to be determined by the common law.

The rule, as laid down by Starkie, in his work on Criminal Pleading, is, that during the term, assizes or session, in which judgment is given, it remains in the breast of the court, and he states that the fine imposed, or any other discretionary punishment, may be varied, but he adds, that after the term it becomes matter of record and admits of no alteration. 1 Stark. Cr. Pl. 262.

Chitty says: "In case of misdemeanors, it is clear the court may vacate the judgment passed, before it becomes matter of record, and may mitigate or pass another, even when the latter is more severe. And the justices at sessions have the same power during the sessions, because it is regarded as only one day; but they cannot do it at any subsequent period, unless an adjournment be entered on the roll, and no court can make any alteration when once the judgment is solemnly entered on the record." 1 Chit. Cr. Law, 721.

So Archbold says: "A judgment pronounced by a court of oyer and terminer, or jail delivery, may be altered or amended

by the judge at any time during the same assizes; a judgment by a court of quarter sessions may be altered at any time during the same sessions, and a judgment of the court of Queen's Bench, at any time during the same term; provided the sentence be not actually entered of record." 1 Arch. Cr. Pr. & Pl. (Am. ed.) 186.

In *The State* v. *Harrison*, 10 Yerg. (Tenn.) 542, the court observed, that the judge, during the term, is a living record; and, therefore, during that period of time, he may alter and supply, from his own memory, any order, judgment and decree which has been pronounced, and this, because having made them himself, he is presumed to retain them in his recollection. But at common law, after the term had elapsed, the judge had no such power, because it was supposed that there would be a period at which a judge would cease to retain in his memory the things which had been ordered and adjudged; and that period, it was well conceived, might be the end of term, as he would be apt to dismiss from his thoughts the things which had been previously passing in them. It is, however, a very delicate power and might be subject to much abuse, especially in criminal cases, if the extent to which it might be carried was not well defined, and properly checked, by law.

By analogy to this principle, it has been held that in criminal cases before a justice of the peace, the power of that magistrate is completely exhausted when the record of conviction has been made and signed, and final commitment made. *The People* v. *Duffy*, 5 Barb. 205; *The People* v. *Brown*, 23 Wend. 47.

In the recent and very interesting case, *Ex parte Lange*, 18 Wall. 163, the power of the court, in criminal cases, to alter its judgment, after the prisoner has suffered part of the punishment under it, received a very exhaustive discussion in the Supreme Court of the United States. Lange had been indicted in the United States circuit court, under the act of congress, for stealing, etc., certain mail bags belonging to the post-office

department. Upon trial he was found guilty, and the value of the bags appropriated was found to have been less than $25. In that case the punishment provided by the act is imprisonment for not more than one year *or* a fine of not less than ten nor more than two hundred dollars. The court sentenced the prisoner upon that verdict to one year's imprisonment *and* to pay a fine of $200; on which he was committed to jail in execution of the sentence. The next day after his commitment he paid the fine to the clerk, who turned it over to the United States treasurer. Some five days afterward, the prisoner was brought before the court, at the same term, and an order was entered vacating the former judgment and the prisoner was again sentenced to imprisonment for one year from that date. Having been committed on this latter sentence, he applied to the Supreme Court for the writ of *habeas corpus* and *certiorari*, and return having been made of the proceedings in the circuit court, it was held that the second sentence was a nullity, on the ground that, while the first sentence was irregular in that it included both imprisonment and fine, while the law affixed but one, still it was not void, and the prisoner having suffered part of the imprisonment and paid the fine, which had gone into the treasury, and that being one of the punishments prescribed for the offense of which he was found guilty, the second sentence was, in effect, to punish the prisoner twice for the same offense, and prohibited by both the common law and bill of rights; that the second sentence was therefore void, and the prisoner entitled to be discharged.

That case is not so clear as the case at bar. There, the court, in the first sentence of Lange, added to his punishment more than the law permitted. Fine and imprisonment were both imposed when the statute required that it might be one or the other, but did not authorize both. In the case in hand the statute required both fine and imprisonment, and the court imposed only the latter. The people could not have sued out a writ of error for the omission to add the fine, and the error being in the prisoner's favor he could not have taken advan-

4—74TH ILL.

tage of it. So that, if the first sentence was not void in Lange's case, it certainly was not in the case at bar. The sentence being legal and the prisoner having suffered the punishment according to the legal effect of that sentence, the second judgment was void according to the ruling of Lange's case, without reference to the question of the want of power to enter it at a subsequent term.

The State's attorney takes a very singular position. He says the clerk did not enter the sentence which the court pronounced, and therefore there was no judgment at the March term, and it was entirely competent for that reason to enter one at the subsequent August term, *nunc pro tunc;* that this is not the amendment of a judgment but the entry of one where there had been none before.

This attempt to argue about a matter which admits of no argument necessarily runs into absurdity. The record of the proceedings in the cause shows that there was a verdict rendered upon an information containing one hundred and five separate counts, of guilty upon forty counts, without any specification of which counts they were. This was necessarily a verdict of acquittal upon sixty-five counts, but which ones they were nobody can tell. It is a rule founded in good sense, that where there are numerous counts in an indictment, and the jury find the defendant guilty of some of the charges, and not guilty of others, it is necessary that they should point out with certainty upon what charges they find guilty and of what they acquit, and it would be error to sentence the ·prisoner upon counts other than those upon which he is found guilty. *Woodford* v. *The State*, 1 Ohio St. 427.

Here, the prisoner was tried on an information containing one hundred and five distinct charges or counts. The jury return a verdict of guilty upon forty counts, without pointing out in any manner which they were, and the court and State's attorney fail to have the verdict corrected and made more specific. In that form it becomes a part of the record. Now what judgment can the court pronounce? Upon what counts

of the information will he give judgment?  If he declared consecutive judgments, as the State's attorney says he did, where would he begin?  Upon the first count?  How did the court know but the prisoner was acquitted upon that?  So it will readily be seen that the judgment which was entered of record by the clerk, was the only safe and proper one which could have been entered upon that verdict.  But however that may be, a judgment was in fact entered that the prisoner be imprisoned ten days upon each count, the legal effect of which was that the time began concurrently upon each.  When the term elapsed, that entry became conclusive evidence of what the judgment was, and to say that the supposed judgment, entered at the subsequent term, which comprised forty consecutive sentences, is not an alteration of that former judgment, is sheer nonsense.  If valid, it would be a serious alteration. But the court had no power or jurisdiction at a subsequent term to make it.  Hence it is void, and the prisoner must be discharged from imprisonment under it.

*Relator discharged.*