## LEW SHEE v. NAGLE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4549.

Aliens ⚖⟹32(2)—Constitutional law ⚖⟹80(2) —Claim of citizenship entitles alleged alien to judicial trial beyond the jurisdiction of the government department.

Claim of citizenship, supported by competent evidence, by one sought to be deported as an alien, entitles her to a judicial trial, and renders void the department's order of deportation as in excess of its jurisdiction, as it cannot invade the province of the court by declaring the claim frivolous and the testimony in its support unworthy of belief.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Habeas corpus proceeding by Lew Shee, alias Fung How, alias Low Lai, against John D. Nagle, Commissioner of Immigration for the Port of San Francisco. Petition for writ denied, and petitioner appeals. Reversed, and remanded for trial.

George A. McGowan, of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus in a deportation

*proceeding.* The appellant concedes that the order of deportation is supported by competent testimony if she is in fact an alien and subject to deportation, but she earnestly insists that she is a citizen of the United States, by reason of the citizenship of her father, and that she offered competent testimony in support of her claim, sufficient, if believed, to entitle her to a finding of citizenship. If the record supports her in this contention, she was entitled to a judicial trial of the question of citizenship, and the order of deportation was in excess of jurisdiction and void.

In Ng Fung Ho v. White, 259 U. S. 276, 282, 42 S. Ct. 492, 494 (66 L. Ed. 938) the court said: "The constitutional question presented as to them is: May a resident of the United States who claims to be a citizen be arrested and deported on executive order? The proceeding is obviously not void ab initio. United States v. Sing Tuck, 194 U. S. 161 [24 S. Ct. 621, 48 L. Ed. 917]. But these petitioners did not merely assert a claim of citizenship. They supported the claim by evidence sufficient, if believed, to entitle them to a finding of citizenship. The precise question is: Does the claim of citizenship by a resident, so supported both before the immigration officer and upon petition for a writ of habeas corpus, entitle him to a judicial trial of this claim?"

That question was answered in the affirmative. In Chin Hoy v. United States (C. C. A.) 293 F. 750, the court said: "These appellants claimed that they were born in the United States, and offered some substantial evidence in support of their claims of citizenship. That being true, it cannot be said that their claims in that regard are frivolous, even though the departmental officers did not believe the witnesses who testified on behalf of the appellants in support of their claims. Nor do we think that the requirement for a judicial hearing is satisfied where the judge on the habeas corpus hearing searches the record of the deportation proceedings and forms therefrom his own conclusion that the claim of citizenship is untrue. Such departmental proceedings are not judicial, and a quasi appellate review by a court does not make them so."

The question here then is: Was the claim of citizenship in this case merely colorable, or was it supported by competent testimony such as would justify a finding of citizenship, if believed.

In re Western Rope & Mfg. Co. (C. C. A.) 298 F. 926, the court defined the term "colorable" as follows: "In our judgment, the meaning of that word as used in this connection is that a claim alleged to be adverse is only colorably so when, admitting the facts to be as alleged by the claimant, there is, as matter of law, no adverseness in the claim."

In Re Blum, 202 F. 883, 121 C. C. A. 241, the court said: "The term 'colorable' seems to have crept into the bankruptcy decisions without authority of statute, unless it be construed to mean merely that if a respondent sets up as facts, and not as conclusions of law, matters which, if true, would constitute a statement of an adverse claim, then the claim would be adverse and not colorable, and not within the jurisdiction of the referee. It can hardly have been the purpose of Congress to deprive a litigant of the benefit of a plenary hearing in cases involving the determination of contested questions of fact."

We think the same rule is applicable here. If an order of deportation is supported by competent evidence, where the rights of an alien are involved, the courts cannot invade the province of the executive department. If on the other hand there is a claim of citizenship supported by competent evidence, the executive department cannot invade the province of the courts. It cannot do so directly, nor can it accomplish the same result indirectly by simply declaring that the claim of citizenship is frivolous and the testimony offered in its support unworthy of belief. In the light of what has been said, without any attempt to review the testimony, it is manifest from a mere inspection of the record before us that there was such a supported claim of citizenship here as to oust the executive department of jurisdiction.

The judgment of the court below is therefore reversed, and the cause is remanded for trial of the question of citizenship in that court, and for further proceedings in conformity with this opinion.