Ex parte CHUNG THET POY.

(District Court, D. Massachusetts.    June 4, 1926.)

No. 3412.

Aliens ⬅️32(13)—Where Chinese applicant was refused admission, though evidence left no doubt he was son of citizen, court was authorized to assume jurisdiction, on ground that he was denied fair hearing.

Where Chinese applicant was refused admission to United States, though evidence left no doubt that he was son of citizen, court was authorized to assume jurisdiction, on ground that applicant was denied fair hearing, since, though court cannot weigh evidence, for purpose of revising decisions of administrative officials, it is not powerless to act, if it is of opinion that decision of administrative officials was wholly unwarranted.

In the matter of Chung Thet Poy, who was refused admission to the United States. Writ of habeas corpus issued, and applicant discharged on writ.

Joseph F. O'Connell, of Boston, Mass., for petitioner.

Harold P. Williams, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for respondent.

BREWSTER, District Judge.    Chung Thet Poy applies for admission to the United States as a son of Chung Jeng, whose citizenship is conceded.   The applicant accompanied his father on his return to the United States after a visit to China, where he has been since 1923.

The board of special inquiry was not satisfied that the applicant was the son of Chung Jeng and refused to admit him.   The testimony given by the applicant and his witnesses before the board of special inquiry was consistent to an unusual degree.   The record is entirely devoid of any grounds to justify a board of administrative officers in reaching an excluding decision.   I hold this opinion, notwithstanding the fact that the records in the Immigration Department at San Francisco show that in 1909 the alleged father made a statement, on his arrival in this country from China, that he was then unmarried. There is a real question whether the signature of the alleged father to the statement is genuine, and he denies ever having made any such statement.   The record leaves no doubt about the fact that in 1909, the time when he made the alleged statement, he was in fact married, and the board of special inquiry had before them other statements of the alleged father, made at other times and not for the purpose of obtaining the admission of his son, which were entirely consistent with his statements before the board, and which clearly showed that in 1909 he was married, and that the son was born shortly after his arrival in this country

It is difficult to perceive how any tribunal could fairly consider the evidence adduced in support of the applicant's claim, without being satisfied as to the claimed relationship to the father, unless the board was arbitrarily seeking to discover some grounds, however immaterial or unsubstantial, upon which it could base an excluding decision.

I think this is a case which warrants the court in assuming jurisdiction on the ground that the applicant was denied that fair hearing to which he may justly lay claim.   While the court is without power to weigh the evidence, for the purpose of revising decisions of the administrative officials, it is not, I take it, powerless to act if the court is of the opinion that the decision of the administrators was wholly without warrant.   Chin Hoy v. U. S. (C. C. A.) 293 F. 750; Lew Shee v. Nagle (C. C. A.) 7 F.(2d) 367; Christy v. Leong Don (C. C. A.) 5 F.(2d) 135.   See, also, Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010; Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938.

I do not think the conclusion which I have reached in the case at bar is in conflict with the majority opinion in Johnson v. Kock Shing (C. C. A.) 3 F.(2d) 889.

The writ may issue, and the applicant may be discharged on the writ.