**UNITED STATES ex rel. FREISLINGER on Behalf of KAPPEL v. SMITH, District Director of Immigration.**

No. 4302.

Circuit Court of Appeals, Seventh Circuit.

May 28, 1930.

Rehearing Denied July 3, 1930.

Charles V. Falkenberg, of Chicago, Ill., for appellant.

Thomas Dodd Healy and Joseph A. Struett, both of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

Kappel, an alien, entered the United States on November 9, 1922. On October 21, 1925, within five years from the date of his entry into this country, a true bill was filed in the criminal court of Cook county, Ill., charging him with unlawfully, feloniously, willfully, and maliciously, by means of a large quantity of a dangerous and deadly poison called sulphuric acid, making an assault on one Mary Krautsack, with a malicious, unlawful, and felonious intent to maim and disfigure her.

On December 5, 1925, Kappel pleaded guilty to the indictment, and was accordingly sentenced to one year in the penitentiary on December 9, 1925; and a commitment was duly issued and executed.

On December 21, 1925, the same court, in his absence and while he was in the penitentiary, entered an order sentencing him to an indeterminate term as fixed by statute. Kappel remained in the penitentiary until June 3, 1929, when he was released on a writ of habeas corpus.

Subsequent to his release a warrant of arrest was issued by the Second Assistant Secretary of Labor, and after Kappel was given a hearing a warrant of deportation was issued, on the grounds that he was an alien person likely to become a public charge; and that, within five years after his entry, he had been sentenced to imprisonment for a term of one year or more because of a conviction of a crime in this country involving moral turpitude; that is, assault to commit mayhem. Thereafter Kappel filed a petition for a writ of habeas corpus in the District Court of the United States, which writ was discharged, and he was remanded to the custody of the immigration officials, on December 21, 1929, and it is from this order that this appeal is prosecuted.

It is not contended by appellee that Kappel was likely to become a public charge, and thus the only issues presented for our determination are: (1) Was he convicted of a crime within five years after his entry into this country? And, if so, (2) did this crime involve moral turpitude?

■ The crime of which Kappel is alleged to have been convicted is charged to have been committed by him within the jurisdiction of the state of Illinois; hence in determining whether or not he was convicted of such crime we are governed by the laws of that state.

■ It is the law of Illinois that a person cannot be said to be convicted of a crime unless there is a valid, proper, and legal judgment rendered on the plea or verdict of guilty. Faunce v. People, 51 Ill. 311.

Appellee very properly concedes that the order of the court, on December 21, 1925, sentencing Kappel for an indeterminate term, in his absence and while he was in the penitentiary, is void. People v. Whitson, 74 Ill. 20; People v. Turney, 273 Ill. 546, 113 N. E. 105; section 9, art. 2, Constitution of Illinois.

It is admitted by both parties that the judgment of the court, bearing date of December 9, 1925, is erroneous, in that the sentence of one year at hard labor in the penitentiary, imposed by the court, is not the punishment prescribed by statute for the offense charged; but that the sentence should have been an indeterminate one, for a term of not less than one year and not more than fourteen years.

It is appellee's contention that while the judgment of December 9, 1925, is erroneous, yet it is not void, and the error could be taken advantage of only by appeal, of which Kappel failed to avail himself. Kappel contends, however, that, under the Illinois decisions, the judgment of December 9, 1925, is void and hence there has been no conviction, under the authority of Faunce v. People, supra.

That a sentence less than the minimum of that prescribed by law is void cannot be doubted. In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; In re Johnson (C. C.) 46 F. 477; Harman v. United States (C. C.) 50 F. 921; United States v. Harman (D. C.) 68 F. 472. The Illinois trial court is without power to set aside, amend, change, or in any manner interfere with or alter a judgment or sentence after the defendant has entered upon the service of his sentence, even at the same term of court at which the original judgment was entered. People v. Whitson, 74 Ill. 20; People v. Turney, 273 Ill. 546, 113 N. E. 105.

In the case of People v. Siman, 284 Ill. 28, 119 N. E. 940, 942, the court said:

" 'Jurisdiction' in a particular case is not only the power of the court to hear and determine but also the power to render the particular judgment entered, and every act of the court beyond its jurisdiction is void. Ex parte Reed, 100 U. S. 13, 25 L. Ed. 538; Chicago Title & Trust Co. v. Brown, 183 Ill. 42, 55 N. E. 632, 47 L. R. A. 798. The jurisdiction of a court or judge to render a judgment is always a proper subject of inquiry on habeas corpus, and is, in fact, the primary, and generally the only, subject open to inquiry. If such court or judge had no jurisdiction to render the judgment and sentence complained of, the judgment is void, and one imprisoned under and by virtue of it may be discharged from custody on habeas corpus. 12 R. C. L. 1196; Nielsen, Petitioner, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118; In re Swan, 150 U. S. 637, 14 S. Ct. 225, 37 L. Ed. 1207; In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; United States v. Pridgeon, 153 U. S. 48, 14 S. Ct. 746, 38 L. Ed. 631. * * *

"It is proper to further say that had the respondent, after paying his fine, prosecuted a writ of error instead of suing out a writ of habeas corpus, as he did in this case, he would have been entitled to a reversal of the judgment of the criminal court and to an order of discharge, as this court, for the same reason above given, could not legally remand the cause to the lower court with any other direction except the direction to correct or expunge from the court's record the sentence of imprisonment, as the vacation of the lower court's judgment and the entry of any other judgment would be in violation of his constitutional rights.

"For the foregoing reasons it is our imperative duty to discharge the relator, and the order of this court is that he be discharged."

Thus we have a judgment which, under the Illinois authority cited, the court had no jurisdiction to render, and it was void. The error might have been corrected by appeal on behalf of Kappel, if done before he entered upon the service of his sentence; but this was not done. An effort was made to correct it by entering a new judgment, but this judgment is admittedly void because it was entered in Kappel's absence and after he had entered upon the service of his sentence. Under the Illinois decisions no court had any power to correct it after he entered the penitentitary. We think the judgment, under the Illinois authorities, is not only erroneous, but void.

In the case of In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149, it is held that where a conviction is correct, but there is an excess of jurisdiction on the part of the court in assessing punishment in a different mode from that provided by the law, there is no good reason why jurisdiction of the prisoner should not be reassumed by the court that imposed the sentence, in order that its defect may be corrected; but that until it is corrected the judgment is void. In the case of United States v. Harman (D. C.) 68 F. 472, 473, the court said: " * * * The rule is well established in the federal courts that in a case situated like this the trial court resumes jurisdiction of the case precisely at the point where the error supervened, which was after verdict, and it proceeds to render such judgment as it was authorized to render by the statute. * * * "

But in the instant case Kappel has served almost four years under the void judgment, and by virtue of this service, under the Illinois law, it is too late to correct the judgment. People v. Whitson, 74 Ill. 20.

The case of People v. Coleman, 251 Ill. 497, 96 N. E. 239, lends no aid to appellee's contention, for there the appeal was taken in time by the state of Illinois, and the void judgment was ordered corrected.

Judgment reversed, with direction to discharge Kappel.