**CARMICHAEL, District Director of U. S. Immigration and Naturalization Service, v. WONG CHOON OCK.**

No. 9685.

Circuit Court of Appeals, Ninth Circuit.

April 19, 1941.

**Anna Marie NORTON, Appellant, v. UNITED STATES of America, Appellee.**

No. 9611.

Circuit Court of Appeals, Fifth Circuit.

March 5, 1941.

Wm. Fleet Palmer, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellant.

Geo. W. Fenimore, of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

[4] Civil Aeronautics Act of 1938, § 1006 (c), 49 U.S.C.A. § 646(c).

MATHEWS, Circuit Judge.

Seeking admission to the United States as a citizen thereof, appellee, Wong Choon Ock, was detained at the port of San Pedro, California, by appellant, William A. Carmichael, District Director of the Immigration and Naturalization Service. A board of special inquiry appointed under § 17 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 887, 8 U.S.C.A. § 153, heard appellee's case and determined that he should be deported. The Secretary of Labor sustained the board's decision and issued a deportation warrant. Appellee applied for and obtained a writ of habeas corpus. Appellant produced appellee's body and, as part of his return to the writ, filed a transcript of the testimony and proceedings before the board. The court heard the case and entered judgment for appellee. Appellant seeks reversal.

The evidence establishes without conflict that appellee is the son of Wong Quan, who, it is conceded, is a native-born citizen of the United States. Uncontradicted testimony to this effect was given by appellee, by appellee's parents, Wong Quan (father) and Chin King Nue (mother), and by appellee's brothers, Wong Choon Loy, Wong Yowe, Wong Jeow and Wong Quong. Appellee's parents and three of his brothers—all of whom were present at appellee's birth—testified that appellee was born on November 20, 1930. This testimony was not directly contradicted. The only testimony tending to contradict it was opinion testimony of "experts," none of whom had or could have had any actual knowledge of the date of appellee's birth. Their opinions varied widely. One thought that, at the time of the hearing (1939), appellee was between eleven and thirteen years of age; another thought he was between thirteen and fifteen. Upon this "expert" testimony, and it alone, the immigration authorities ordered appellee's deportation.

The court below held, and we agree, that this action of the immigration authorities was manifestly unfair. Compare Gung You v. Nagle, 9 Cir., 34 F.2d 848, 853; Ex parte Chung Thet Poy, D.C., 13 F.2d 262, affirmed in Johnson v. Chung Jeng ex rel. Chung Thet Poy, 1 Cir., 16 F.2d 1018; Ward v. Flynn, 1 Cir., 74 F.2d 145, 146. In Hom Ark v. Carr, 9 Cir., 105 F.2d 607, cited by appellant, no witness testified from personal knowledge that the applicant was a son of his alleged father. Here there was positive, uncontradicted eyewitness testimony which, in our opinion, the immigration authorities had no right to disregard.

Judgment affirmed.