Lawrence **RASSANO**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 15473.**

United States Court of Appeals
Seventh Circuit.
Dec. 13, 1966.

Order of Remandment April 11, 1967.

The government called Rassano as a witness and introduced certified documents to show petitioner's convictions of separate felonies, one in 1934 and one in 1952, and an INS certificate to show, after diligent search, no naturalization of a Paulo Rassano.

Lawrence Rassano testified in his own behalf that his father Paulo told him a "number of times" when he was a child in the 1920's that both he (the father) and Lawrence were citizens. Lawrence Rassano's uncle and two of his cousins testified, for him, that they heard the father say he had obtained final citizenship papers and was a citizen. Neither Lawrence Rassano nor any of his three witnesses could testify to seeing Paulo Rassano's naturalization papers or that he had ever voted.

The function of this court on direct appeal from a final deportation order is to determine whether a genuine issue of material fact is presented by the administrative record—in this case as to petitioner's alienage. If a genuine fact issue is presented our function is to transfer the cause to the district court for a de novo determination of that issue and hold the petition to review until that determination is made and certified to this court. 8 U.S.C. § 1105a(a) (1964); Pignatello v. Attorney General, 350 F.2d 719 (2d Cir. 1965); Tanaka v. Immigration and Naturalization Service, 346 F. 2d 438 (2d Cir. 1965).

If Rassano's claim of citizenship is supported by evidence sufficient, if believed, to support a finding of citizenship, the executive department had no jurisdiction to pass on that claim. Lew Shee v. Nagle, 7 F.2d 367 (9th Cir. 1925). In reviewing the record to determine if it reveals the existence of a genuine issue as to Rassano's claimed citizenship, this court has considered the testimony of petitioner and his three witnesses as credible and in the light most favorable to him. After a thorough

Anna R. Lavin, Maurice J. Walsh, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent, Arthur D. Rissman, Asst. U. S. Atty., William E. Weinert, Trial Atty., Immigration and Naturalization Service, of counsel.

Before KNOCH, KILEY and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

This is a petition to review[1] and set aside an order of deportation of Lawrence Rassano and an order denying his request for suspension of deportation.[2] We deny the petition and affirm both orders.

Lawrence Rassano was born in Italy in 1912. In 1913 his father, Paulo Rassano, came to the United States from Italy. Petitioner and his mother followed soon afterwards and have lived in the United States since that time. The deportation proceeding was based upon allegations that Rassano was an alien and that he had been convicted, separately, of armed robbery and burglary.[3] Rassano's claim to citizenship was based upon the alleged naturalization of his father, Paulo.

1. 8 U.S.C. § 1105a(a) (1964).

2. 8 U.S.C. § 1254(a) (2) (1964).

3. 8 U.S.C. § 1251(a) (4) (1964).

search of the record we have found no evidence sufficient to raise a genuine issue as to Rassano's alienage.

All of petitioner's evidence on his claim to citizenship would be inadmissible in court, if at all, under the family history exception to the hearsay rule. While recognizing the greater latitude in evidentiary matters before administrative tribunals, we think the policy considerations underlying the family history exception shed considerable light on the value to be afforded petitioner's evidence—and therefore on its sufficiency to raise a genuine issue of fact.

■ The family history exception is based in part upon the inherent trustworthiness of declarations by a family member regarding matters of family history and the usual unavailability of other evidence on these matters. Whether naturalization is a matter of family history is not without doubt, especially in view of the usual availability of documentary or other corroborative evidence to prove such a vital matter.

We will assume *arguendo* that declarations regarding naturalization are admissible because the point has not been argued or briefed in this court, and the court's research has not disclosed a case on point. We turn then to the question of the sufficiency of petitioner's evidence, which rests upon the trustworthiness of Paulo Rassano's declarations that he was a citizen.

One of the considerations lending credibility to declarations regarding matters of family history is that ante litem motam a person has little reason to lie about them. But circumstances apart from the controversy in which a declaration is introduced in evidence may also affect its trustworthiness. The circumstances under which Paulo Rassano is said to have claimed naturalization make these declarations highly suspect, since in each instance he had some self interest in making the claim, even if only to satisfy the curiosity of his young son or answer the taunts of his friends. Petitioner was un-

able to produce such evidence as would in court supply the necessary foundation for the admissibility of hearsay. There was no showing that other means of proof were unavailable, *i. e.,* that the claimed certificate of naturalization had been lost or destroyed. On questioning, none of petitioner's witnesses was able to testify even that he saw such a certificate, or to supply any corroborative testimony such as Paulo Rassano's having voted.

If these considerations do not render petitioner's evidence inadmissible, they do detract greatly from its sufficiency. We hold that petitioner's evidence is insufficient to raise a genuine issue on his claim to citizenship.

We think the decision of the Second Circuit in Tanaka v. Immigration and Naturalization Service, 346 F.2d 438 (2d Cir. 1965), lends support to our decision here. In *Tanaka* the evidence showed that the petitioner, although born in the United States, had voted in a foreign election, an act of expatriation if done voluntarily. The court held that the burden of going forward with evidence adequate to inject the issue of voluntariness was on Tanaka. At the hearing he testified that he voted because he feared the reprisals of his neighbors. On evidence which we think had greater weight than Rassano's, the Second Circuit held Tanaka had not adequately injected the issue of voluntariness and that the record presented no genuine issue of material fact. *Id.* at 442.

■ Since we have determined that Rassano has raised no genuine issue as to his citizenship, we turn now to the issues raised in the petition to review. The order to show cause originally issued January 26, 1961, with allegations based in part on the record of the alleged Illinois robbery conviction which named the wrong judge and erroneously included the words "with a pistol." Subsequently on April 1, 1963, an additional deportation charge correcting the error was filed by the government trial attorney. Petitioner contends that the original order to show cause was invalid as

not issued on probable cause and that the trial attorney had no authority to amend the original charges since he is not of a class authorized to bring original charges in 8 C.F.R. § 242.1(a) (1966).[4] The contention is without merit because the errors in the state conviction record were not such as to prejudice Rassano's right to know the factual basis of the charge.[5] We hold that the additional charge, in effect an amendment, was authorized under 8 C.F.R. § 242.16(d) (1966).[6]

Rassano also claims that because he was given probation rather than a sentence under the 1952 conviction and it was not a "sentence or conviction of one year or more" as required by section 19 of the 1940 Immigration Act then in effect, 8 U.S.C. § 1251(a) (4) (1964) is an ex post facto law and denies petitioner due process. We see no merit in this contention. The ex post facto provision does not apply to deportation. Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107 (1955).

Rassano also claims without merit that he was denied due process in violation of the Fifth Amendment because at the hearing he was denied the right to show his 1934 conviction was illegally obtained. We have no doubt that had that conviction been set aside in an appropriate collateral proceeding, that result could be shown in the deportation proceeding. But United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), is not "ample authority" to sustain the claim that the conviction can be attacked in the deportation proceeding itself. The orderly administration of justice requires that the INS and the reviewing court go no further than the record of conviction (the indictment, plea, verdict and sentence) to determine whether an alien is deportable under 8 U.S.C. § 1251(a) (4) (1964). The claim has no legal basis. United States ex rel. Zaffarano v. Corsi, 63 F.2d 757, 759 (2d Cir., 1933); cf. Tseung Chu v. Cornell, 247 F.2d 929 (9th Cir.), cert. denied, 355 U.S. 892, 78 S.Ct. 265, 2 L.Ed.2d 190 (1957).

Petitioner's motion for suspension of his deportation was denied. He claims a denial of procedural due process. The claim rests upon the argument that the Officer relied upon the reputation of third persons and of places not relating to him, upon statements of unidentified third persons and upon hearsay testimony. We see no denial of justice in consideration of the evidence complained of. Marcello v. Ahrens, 212 F.2d 830, 837 (5th Cir. 1954), aff'd sub nom Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107 (1955). Petitioner had the burden of persuasion in his request for suspension. There was ample evidence of petitioner's conduct, associates and employment ten years before and during the pendency of the proceed-

---

4. 8 C.F.R. § 242.1(a) (1966) provides in pertinent part:
   (a) *Commencement.* Every proceeding to determine the deportability of an alien in the United States is commenced by the issuance and service of an order to show cause by the Service. * * * Orders to show cause may be issued by district directors, acting district directors, deputy district directors, and officers in charge at * * * [certain cities].

5. 8 C.F.R. § 242.1(b) (1966) provides in pertinent part:
   (b) *Statement of nature of proceeding.* The order to show cause will contain a statement of the nature of the proceeding, the legal authority under which the proceeding is conducted, a concise statement of factual allegations informing the respondent of the acts or conduct alleged to be in violation of the law, and a designation of the charges against the respondent and of the statutory provisions alleged to have been violated. * * *

6. 8 C.F.R. § 242.16(d) (1966) provides in pertinent part:
   (d) *Additional charges.* A trial attorney who has been assigned to a case may at any time during a hearing lodge additional charges of deportability, including factual allegations against the respondent. * * *

ings upon which the Officer could exercise his authorized discretion. And the Officer's consideration of petitioner's invocation of the right not to answer questions before the grand jury does not render the discretion arbitrary as violative of petitioner's rights. Marcello v. Ahrens, 212 F.2d at 839.

We have considered but need not discuss other points raised which we deem meritless.

Affirmed.

### Order of Remandment

PER CURIAM.

On December 13, 1966, this court filed its opinion in the above cause affirming an order of deportation of petitioner and an order denying his request for suspension of deportation. Petitioner, on February 1, 1967, filed petition for rehearing. March 10, 1967, respondent filed its answer to the petition.

In its answer respondent, by virtue of the decisions of the Supreme Court of the United States in Woodby v. Immigration and Naturalization Service, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362; Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 636, 17 L.Ed.2d 574; and Garrity v. State of New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562, decided after the filing of this court's decision, suggests that this court enter an order "remanding the deporation order and application for suspension of deportation to the Board of Immigration Appeals for re-opening and for further review and determination."

We concur in the respondent's suggestion: It is ordered that the orders subject to this appeal be and they are hereby vacated, and the cause is remanded to the Board of Immigration Appeals for further proceedings pursuant to the prayer in the respondent's answer.

The petition for rehearing has accordingly become moot.