**Norman McCONNEY, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**Nos. 263, 264, Dockets 30355, 33476.**

United States Court of Appeals,
Second Circuit.

Argued April 20, 1970.

Decided July 2, 1970.

Abraham Unger, New York City (Morris Zuckman, Albany, N. Y., and David M. Freedman, New York City, of counsel), for petitioner.

Gordon W. Sacks, Special Asst. U. S. Atty.. (James M. Sullivan, Jr., U. S. Atty., for the Northern District of New York, of counsel), for respondent.

Before MOORE and SMITH, Circuit Judges, and WEINFELD,** District Judge.

J. JOSEPH SMITH, Circuit Judge:

These are appeals by petitioner, Norman Rowe McConney, from two related rulings; petitioner seeks review of an order of the Board of Immigration Appeals [hereinafter the Board] affirming the Special Inquiry Officer's [hereinafter SIO] finding that petitioner was deportable and appeals a subsequent determination in the proceedings of the United States District Court for the Northern District of New York, Bernard J. Leddy, Judge. Deportation proceedings were initiated by the Immigration and Naturalization Service [hereinafter the Service], in which the Service charged Norman Everett Rowe, the petitioner, a citizen of Panama, was deportable under 8 U.S.C. § 1251(a) (11), having been convicted of crimes involving drugs. The SIO found the petitioner deportable under that section, finding that petitioner was an alien born in Panama who was convicted of crimes involving drugs; the appeal from this order was dismissed by the Board, and the petitioner appealed to this court for review of the citizenship question. The issue of citizenship was transferred to the District Court for the Northern District of New York for a hearing *de novo*. See 8 U.S. C. § 1105a(a) (5). That court found petitioner to be not a citizen of the United States but rather of Panama. Since the issue in the appeal from the Board's order as well as that in the appeal from the district court's decision is whether the government has sustained the burden of proof of showing that petitioner is an alien, whose convictions render him deportable under 8 U.S.C. § 1251(a) (11), the appeals were combined. We find no error in the district court's ruling, affirm the findings therein made, and dismiss the petition for review of the Board's deportation order.

** District Judge of the Southern District of New York, sitting by designation.

It is not disputed that petitioner was born in Panama in 1911 and came from there to this country for permanent residence in 1918; there is also no dispute as to petitioner's two convictions for crimes involving drugs, which would justify his deportation if he was an alien. The dispute is whether petitioner's natural parents were Clarence and Estella McConney as he contended. If they were his natural parents, petitioner would have become a naturalized citizen of the United States by the naturalization of Clarence McConney in 1930, since Estella McConney had died in 1928. 8 U.S.C. § 1432(a) (2). The Service maintained before the Board and the district court that Clarence and Estella McConney were not petitioner's natural parents but rather were petitioner's aunt and uncle; in such a case, Clarence McConney's naturalization would not have the effect of making petitioner a naturalized citizen of this country. The Service contended that petitioner's natural parents were Lionel Rowe and Eva Suarez.

Although it found against petitioner, the Board of Immigration Appeals, at the beginning of its opinion stated that "[Petitioner's] claim that he is Norman McConney and not Norman Rowe is not without support." Petitioner asserts that this comment by the Board requires reversal of both the Board's order and the subsequent *de novo* decision of the district court since it shows that the Board's decision that petitioner is not a United States citizen could not have been based upon clear, unequivocal and convincing evidence of his alienage as required by Woodby v. Immigration and Naturalization Service, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). We disagree. The subsequent *de novo* hearing in the district court was solely for the purpose of determining citizenship since it had been put in issue. See 8 U.S.C. § 1105a(a) (5). At the hearing both petitioner and the Service presented documents and testimony in support of their claims. The district court found at the conclusion of the hearing

that petitioner was not a citizen of the United States but rather a citizen of Panama, and this determination was explicitly found to be based upon clear, unequivocal and convincing evidence.

 Since the correct burden of proof was imposed at the *de novo* trial, judicial review is limited to ascertaining whether the evidence relied upon by the court was of sufficient quality and substantiality to support the rationality of the judgment. See Woodby v. Immigration and Naturalization Service, *supra* at 282, 87 S.Ct. at 486. While the Board of Immigration Appeals stated that petitioner's argument was not wholly without support, this does not conclude us on review since we look to the burden of proof used in the district court. In cases such as this, where there is a question of citizenship, 8 U.S.C. § 1105a(a) (5) provides for a *de novo* hearing in the district court on such an issue; the statutory scheme contemplates that it is the findings and conclusions of that court, displacing those of the Board on the issue raised before both forums, which are before us for review. On the issue of citizenship the trial court's finding supplants that of the Board. See Rassano v. Immigration and Naturalization Service, 377 F.2d 971 (7 Cir. 1966).

 Petitioner's evidence may have initially established a prima facie case for his claim to be the natural son of Clarence McConney, but in light of the more extensive and weightier evidence subsequently introduced by the Service, we agree that the court's ruling was based upon clear, unequivocal and convincing evidence. See Woodby v. Immigration and Naturalization Service, *supra*; cf. United States v. Ghaloub, 385 F.2d 567 (2d Cir. 1966). Petitioner introduced a document from Panama which was basically a purported "birth certificate" stating that petitioner was born on December 11, 1911 at Empire, C.Z. to Clarence McConney and Estella Rowe and a copy of a certificate of baptism from a Methodist church contain-

ing the same information. Both gave the number of baptism as number 1201 on page 151 of the church's baptismal records, and the date of baptism as January 21, 1912. Petitioner presented a 1920 census record, a New York City Board of Education letter and a life insurance policy all of which tended to show that the McConneys were his parents with whom he was living. Petitioner also introduced a record of admission of an alien into the United States, Immigration Form I–404A which showed the McConneys as his parents. Petitioner had the burden of proving he is a United States citizen, United States v. Ghaloub, 385 F.2d 567, 570 (2d Cir. 1966). From the evidence presented it could be said that petitioner had presented a prima facie case that he was the son of Clarence McConney, a naturalized citizen, and thereby that he was a citizen pursuant to 8 U.S.C. § 1432(a) (2). The government then had to sustain its burden of proof by clear, unequivocal and convincing evidence that petitioner was not a United States citizen. See Delmore v. Brownell, 135 F.Supp. 470 (D. N.J.1955), aff'd, 236 F.2d 598 (3 Cir. 1956); United States v. Ghaloub, *supra.*

Assuming petitioner presented a prima facie case of citizenship and the government was required to prove its case by the exacting standard claimed by petitioner, it has done so. The Service proved petitioner was born in Panama, and petitioner made no claim that either of his parents were citizens of the United States before he was born; the record thus establishes he was an alien at birth. See United States ex rel. Giglio v. Neelly, 208 F.2d 337, 339 (7 Cir. 1953). The Service presented numerous records and statements by petitioner and his claimed father, Clarence McConney, which negated the evidence petitioner had presented to the court. Among other things, the Service introduced a birth certificate and baptismal record which

showed that on December 3, 1911, petitioner was born to Lionel J. Rowe and Ianthe Suarez in Colon, Panama. Various sworn statements by Clarence McConney were also introduced in which he stated he had no children; these statements were made in McConney's applications for petitions for naturalization and citizenship. Other records were introduced showing that in at least one other instance Clarence McConney denied being petitioner's natural father. There was evidence that prior to contact with the Service, petitioner stated to a narcotics agent that he was brought to the United States by his father (McConney) when he was five and that he was an *adopted* son [1] and knew no other parents. There was introduced further documentary evidence of prison records and reports, and lists of correspondents of petitioner when he was in prison which support the finding that petitioner was not the natural son of Clarence McConney, and also various statements made over the years by petitioner indicating that he was Norman Rowe and that the McConneys were not his natural parents.

The Service introduced a document which listed as number 1201 the baptismal record of petitioner in the Methodist church (the one where petitioner alleged he was baptized). This document was not one of the fixed pages of the church's records for 1910–1912, and to the document was attached an affidavit of Reverend Cockburn, Chairman and General Superintendent of the church, which stated that there was no original entry in the register for baptism concerning petitioner's baptism, of his being the male child of the McConneys or of his birth on December 11, 1911 at Empire, C. Z. Reverend Cockburn noted that a typewritten slip purporting to be the late entry of that baptism had been found. This document was introduced with the affidavit. A certified copy of

1. As an adopted son he would not have acquired United States citizenship by his adopted father's naturalization. See Zimmerman v. Lehmann, 339 F.2d 943 (7 Cir. 1965), cert. denied, 381 U.S. 925, 85 S.Ct. 1559, 14 L.Ed.2d 683. In any case there is no proof of any formal adoption.

the original handwritten records of the church indicated on page 151 that on January 21, 1912, No. 1201, Hermine May, daughter of H. Clyde and Avis J. Smith, was baptized by E. G. Cooke; this was the page, baptismal number and date referred to in the "birth certificate" introduced by petitioner. That "birth certificate" appears to have been made in May, 1966 from information contained in the baptismal certificate; however, the original records of the church clearly indicate that another child was baptized on that day, as number 1201 on page 151, and not petitioner. Thus the trial court properly refused to give credence to the information contained in petitioner's "birth certificate," and refused to consider the typewritten statements to be a record of the baptism of Norman McConney. The Service also negated the Immigration Form introduced by petitioner by introducing the ship's manifest from which the information on the form was taken, and which contained no indication that the McConneys were petitioner's parents. The landing document was merely a reflection of the ship's manifest and not a governmental decision on a contested or reviewed issue of citizenship. The other documents introduced by petitioner tend to prove that petitioner lived with the McConneys in this country which is not contested and that he was considered their son; however, the evidence does not prove that he was their natural son rather than adopted or godson. The trial court's decision appears well founded in light of all the evidence presented by the Service and the evasiveness of petitioner in his testimony with respect to vital matters in the hearing. The burden of proof on the government in such a case as this is heavy because of the extreme penalty involved. In this case it has been borne. The trial court properly found that the government had overcome petitioner's case and established its own position by clear, unequivocal and convincing evidence. See Woodby v. Immigration and Naturalization Service, *supra*; United States v. Ghaloub, *supra*.

 Petitioner makes a belated argument in this appeal that the government did not prove that Lionel Rowe was not a United States citizen living in Panama; thus petitioner asserts that even if Rowe were his father, the government has not disproved his citizenship. This argument was not raised before the Board or the trial court. The government proved petitioner was born in Panama, and the burden was on the petitioner to prove he was a United States citizen, United States v. Ghaloub, *supra*. Petitioner only attempted to prove citizenship by showing he was a citizen by derivation through Clarence McConney's naturalization; there was no attempt by petitioner to establish that Lionel Rowe was a United States citizen. Nor is there any proof in the record to support such a claim.

The district court's decision is affirmed. The petition for review of the order of deportation by the Board of Immigration Appeals is dismissed.