**Dario CRUZ–SANCHEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 17884.

United States Court of Appeals,
Seventh Circuit.

Jan. 13, 1971.

On Reconsideration and Rehearing
March 19, 1971.

Ralph M. Schelly, Chicago, Ill., for petitioner.

William J. Bauer, Thomas A. Foran, U. S. Attys., John Peter Lulinski, Asst. U. S. Atty., Chicago Ill., for respondent; Will Wilson, Asst. Atty. Gen., Paul C. Summitt, Robert W. Nuckles, Attys., Dept. of Justice, Washington, D. C., of counsel.

Before DUFFY and KNOCH, Senior Circuit Judges and KERNER, Circuit Judge.

KNOCH, Senior Circuit Judge.

Petitioner, Dario Cruz-Sanchez seeks review of a final order of deportation issued by the Immigration and Naturalization Service, Department of Justice.

On July 11, 1955, petitioner entered the United States at Roma, Texas, as an immigrant for permanent residence.

In September 1968, he was ordered to show cause why he should not be deported under the provisions of § 241(a) (11) of the Immigration and Nationality Act. Title 8 U.S.C. § 1251(a) (11) as one convicted of an offense relating to illicit traffic in narcotic drugs or marihuana.[1]

At proceedings before a Special Inquiry Officer pursuant to Title 8 U.S.C. § 1252, at which petitioner was accompanied by counsel, the Inquiry Officer found petitioner deportable under § 1251. Petitioner designated Mexico as the country to which he should be deported if deportation was ordered. His appeal to the Board of Immigration Appeals was dismissed on July 17, 1969. Warrant of Deportation issued August 7,

---

1. § 1251. *Deportable aliens—General classes*

    (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

    \* \* \* \* \*

    (11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana, or who has been convicted of a violation of, or a

conspiracy to violate, any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate; \* \* \*

1969. Notification was given petitioner that his departure date was September 2, 1969. This petition for review was filed August 29, 1969.

On June 21, 1968, petitioner who appeared with counsel, on his own plea of guilty, was convicted in the U. S. District Court for the Northern District of Illinois, Eastern Division, on a two-count indictment charging him with being a transfereee of marihuana without payment of the required tax, in violation of Title 26 U.S.C. § 4744(a).

The District Court suspended sentence and placed petitioner on probation for five years.

Petitioner now asserts that he was not in fact guilty of the charge but pleaded guilty on advice of counsel only after being assured by the United States Attorney and the Court that his plea would not adversely affect his stay in the United States and would not constitute grounds for deportation. He says he was promised that his plea would result in termination of the proceedings without his having to go to jail.

He also relies on the decision of the United States Supreme Court in Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, holding Dr. Leary's conviction of an offense under Title 26 U.S.C. § 4744(a) to be constitutionally defective. Petitioner's view is that the statute is no longer in effect and that prior convictions based on it have fallen with the statute.

Petitioner argues that, like Dr. Leary, he could have complied with the statute only by foregoing his constitutional privilege against self incrimination.

The position of the Board of Immigration Appeals was that it had no authority to go behind the record of the District Court to determine the alien's guilt or innocence as Immigration Officers act in an administrative and not in a judicial capacity. As the Respondent notes in its brief, the retroactive effect of Leary v. United States, *supra,* is a question ultimately for the United States Supreme Court and not the Immigration and Naturalization Service.

Petitioner on the other hand asserts that his conviction is void on its face under the law of the local jurisdiction and can be disregarded, citing United States ex rel. Freislinger, on Behalf of Kappel v. Smith, 7 Cir., 1930, 41 F.2d 707, 708. In that case, however, it was conceded that the judgment was not merely erroneous, but actually void.

United States ex rel. Marino v. Holton, 7 Cir., 1955, 227 F.2d 886, on which petitioner also relies, arose out of a petition for writ of habeas corpus. In that case there had been a confession of error by the Attorney General of Illinois and the United States Supreme Court had ruled that based on the confession of error and the undisputed facts, Marino had been denied due process of law. The question before this Court concerned the effect of that ruling on the original conviction. The State Court to which the cause was remanded construed the mandate of the Supreme Court to mean that the State Court should hold a full and complete hearing to determine whether Marino in fact had been deprived of any constitutional rights and the State Court had proceeded to do just that. The confession of error on which the Supreme Court had relied was not set forth in positive terms and stated facts evidently from outside the record. The majority of this Court held that on the record before the Supreme Court Marino appeared entitled to relief but that whether his charges of violation of his constitutional rights were well founded remained undetermined and the cause had been remanded for that reason. The District Court's denial of writ of habeas corpus was affirmed, cert. den. 350 U.S. 1006, 76 S.Ct. 650, 100 L. Ed. 868. The ultimate result was that the Immigration and Naturalization Service proved properly to have relied on the original conviction as still standing. No such issue arises here. The petitioner's conviction has not been challenged in the courts. The Board of Im-

migration Appeals points out in its dismissal opinion that if petitioner is successful in challenging his conviction in the court which rendered the judgment, he may move to reopen the deportation proceeding.

The conviction may not be attacked in the deportation proceeding itself. See Rassano v. I.N.S., 7 Cir., 1966, 377 F.2d 971, 974 (remanded on other grounds) and cases there cited.

Petitioner's objections to use of a statement given by him are not supported by the record which shows that petitioner was given complete warnings in accordance with the dictates of Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and that his statement was voluntary.

The petition for review is dismissed.

Petition dismissed.

## ON PETITION FOR RECONSIDERATION AND REHEARING.

### PER CURIAM.

This matter came on for consideration on a Petition for Reconsideration and Rehearing filed by the petitioner herein, Dario Cruz-Sanchez, and Answer thereto filed by the Respondent, Immigration and Naturalization Service.

It appears to the Court that the United States District Court, for the Northern District of Illinois, Eastern Division, has now vacated the sentence of June 21, 1968, upon which the Order of Deportation sought to be reviewed was based.

It is therefore ordered that this Court's opinion of January 13, 1971, which dismissed the Petition for Review of that Order of Deportation be modified to provide instead for remand of this matter to the respondent who is directed to give the matter further consideration in the light of the vacation of the sentence previously imposed on the Petitioner.