## MATTER OF RODRIGUEZ

### In Deportation Proceedings

### A–10192395

*Decided by Board May 31, 1974*

Conviction of unlawful possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. 5841 and 5851, upon a plea of *nolo contendere*, constitutes a ground of deporation under section 241(a)(14) of the Immigration and Nationality Act.

CHARGE:

Order: Act of 1952—Section 241(a)(14) [8 U.S.C. 1251(a)(14)]—Convicted after entry of possessing or carrying in violation of any law a weapon commonly called a sawed-off shotgun.

ON BEHALF OF RESPONDENT: Eric Welch, Esquire
Garland & Garland
1022 The Candler Building
Atlanta, Georgia 30303

The immigration judge found the respondent deportable on the above-stated charge and certified the case to the Board for final decision. This matter is also before us on respondent's appeal from the immigration judge's order. No change will be made in his order.

The respondent is a 40-year-old divorced male alien, a native and citizen of Cuba, who entered the United States on March 16, 1960 as a Cuban refugee under the parole provisions of section 212(d)(5) of the Immigration and Nationality Act. His status was adjusted to that of a permanent resident effective October 28, 1964, pursuant to the provisions of the Act of November 2, 1966. On May 18, 1967, he was convicted in the United States District Court, Northern District of Georgia, at Atlanta, Georgia, after entering a plea of nolo contendere, of the offense of possessing a firearm which had not been registered as required by 26 U.S.C. 5841, in violation of 26 U.S.C. 5851. He was sentenced to imprisonment for a period of one day, execution of the sentence suspended and probation for the period of one day.

The indictment under which respondent was convicted charged:

That, on or about December 10, 1966, in the Northern District of Georgia, CESAR AGUSTO RODRIGUEZ-BARRETO, defendant herein, wilfully and knowingly did possess a firearm, that is, a single barrel 12 guage Stevens shotgun, Model 94C, having a barrel length of 17¾ inches, which had not been registered with the Secretary of Treasury or his delegate, as required by Section 5841, Title 26, United States Code, in violation of 26 U.S.C. 5851.

On the date of the alleged offense, 26 U.S.C. 5841 read in pertinent part as follows:

Every person possessing a firearm shall register, with the Secretary or his delegate, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof.

On the date of the offense alleged against the respondent, 26 U.S.C. 5851 read in pertinent part as follows:

It shall be unlawful for any person ... to possess any firearm which has not been registered as required by Section 5841. Whenever on trial for violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury.

Section 241(a)(14) of the Act states, in pertinent part, the following:

Any alien in the United States ... shall be deported who— at any time after entry, shall have been convicted of possessing ... in violation of any law any weapon which shoots or is designed to shoot automatically or semiautomatically more than one shot without manual reloading, by a single function of the trigger, or a weapon commonly called a sawed-off shotgun.

At issue is the question of whether the respondent is deportable as an alien convicted of possessing in violation of law a weapon commonly called a sawed-off shotgun within the provisions of section 241(a)(14) of the Act. Counsel for respondent argues (1) that a determination of deportability is not proper where the respondent's conviction was for use of a company-furnished weapon without personal knowledge that a law was being violated; (2) that a conviction on the basis of a plea of nolo contendere does not rise to the level of a final conviction; and (3) that a determination of deportability is not proper where the respondent's conviction was on the basis of a plea of nolo contendere without the court advising him as to the possibility of deportation. We find no merit to counsel's contentions.

Congress redefined the term "firearm" in 26 U.S.C. 5848(1) on June 1, 1960, P.L. 86–478, section 3, to include a shotgun or rifle having a barrel or barrels of less than 18 inches in length, or a rifle having a barrel or barrels of less than 16 inches in length. The

legislative history discloses that the purpose of this was "to include within the category of weapons subject to these taxing and control provisions the sawed-off shotguns and sawed-off rifles likely to be used by the gangster element." See U.S. Code Congressional and Administrative News, p. 2113 (1960). The court in *United States* v. *Coots*, 196 F. Supp. 775 (D.C. Tenn. 1961) stated: "In the definition of illegal weapons (26 U.S.C.A. 5848) both sawed-off shotguns and sawed-off rifles are described as weapons to which the Act would apply." Since the overall length of the barrel of the shotgun described in the grand jury indictment was 17-3/4 inches, this firearm was a weapon commonly called a sawed-off shotgun.

The respondent's conviction was for possession of a firearm of the type described in section 241(a)(14) of the Act. We cannot consider counsel's assertion that the shotgun was the property of the respondent's employer and that the respondent was not aware that possession might be a violation of the law. A conviction may not be attacked in a deportation proceeding, since there is no authority to go behind the record of conviction to determine the respondent's guilt or innocence, *Cruz-Sanchez* v. *INS*, 438 F.2d 1087 (C.A. 7, 1971), *Rassano* v. *INS*, 377 F.2d 971 (C.A. 7, 1966).

For the purposes of deportation, a guilty judgment following a *nolo contendere* plea constitutes a conviction where the fact of the conviction is itself the only thing that is relevant, *Ruis-Rubio* v. *INS*, 380 F.2d 29 (C.A. 9, 1967), cert. denied 389 U.S. 944 (1967); *Tseung Chu* v. *Cornell*, 247 F.2d 929 (C.A. 9, 1957), cert. denied 355 U.S. 892 (1957). Section 241(a)(14) of the Act does not require that a conviction be coupled with a sentence before liability to deportation attaches. Accordingly, since under section 241(a)(14) of the Act the fact of conviction is the only thing that is relevant, the judgment of conviction could be used against the respondent in these deportation proceedings.

The court does not accept a plea of guilty or of nolo contendere unless it is satisifed that the defendant understands the direct consequences of the plea, but the court is not required to consider the consequence of a finding of guilty on the ancillary matter of deportation, *United States* v. *Sambro*, 454 F.2d 918 (D.C. Cir. 1971). There is no duty upon the court to advise each defendant of the possibility of deportation before accepting a plea, *United States* v. *Santelises*, 476 F.2d 787 (C.A. 2, 1973); *U.S. ex rel. Durante* v. *Holton*, 228 F.2d 827 (C.A. 7, 1956), cert. denied 351 U.S. 963 (1956).

Our review of the facts and the applicable law satisfies us that deportability was established by evidence which is clear, convinc-

ing and unequivocal. The respondent has not applied for any discretionary relief from deportation. Accordingly, we find no reason to reverse the order of the immigration judge.

**ORDER:** No change is made in the immigration judge's order.